**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDDIE MCGREW,<br><br>                Plaintiff,<br><br>vs.<br><br>B. MARTELL,<br><br>                Defendant. | Case No. 2:07-cv-01324-LRH-PAL<br><br>**ORDER**<br><br>(IFP - #1)<br>(Mtn Summary Judgt - #2)<br>(Mtn Qualified Immunity - #3)<br>(Mtn to Compel - #5)<br>(Mtn Appointment of Counsel - #6)<br>(Mtn Status of Case - #8) |

      Plaintiff Eddie McGrew is proceeding in this action *pro se*. McGrew filed an Application (#1) pursuant to 28 U.S.C. § 1915 to proceed *in Forma Pauperis* and submitted a Complaint pursuant to 28 U.S.C. § 1983 on September 28, 2007. Before the court is McGrew's Application (#1), Motion for Summary Judgment (#2), Motion to Grant Qualified Immunity (#3), Motion to Supena [sic] Records (#5), Motion for Appointment of Counsel (#6), and a Letter received from the Nevada Department of Corrections which was docketed as a Motion for Status of Case (#8). This proceeding was referred to this court by Local Rule IB 1-9.

**I.**      *In Forma Pauperis* **Application**

      McGrew, who is currently in the custody of Casa Grande Transitional Housing, has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request (#1) to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review the complaint.

/ / /

/ / /

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e).  Specifically federal courts are given the to authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  Russel v. Landrieu, 621 f.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The Complaint alleges that at 6:30 a.m. on March 16, 2007, McGrew was riding his bicycle in the bicycle lane when defendant B. Martell, a police officer with the Las Vegas Metropolitan Police Department, stopped McGrew in his patrol car.  Martell exited the vehicle, ordered McGrew to stand in front of the car, and asked McGrew if he could search him.  McGrew answered "no."  When Martell requested identification, McGrew responded that he did not have any identification but provided his name, date of birth, and social security number.  Martell placed McGrew in handcuffs, searched his pockets, fanny pack, and backpack, and booked McGrew in the Clark County Detention Center for possession of a dangerous drug without a prescription.  The charges were subsequently dismissed.

The Complaint attempts to state a claim under 42 U.S.C. § 1983, alleging a violation of the Fourth Amendment's guarantee against unreasonable searches and seizures.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42 (1988) (citation omitted). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." McDade, 223 F.3d at 1139 (emphasis added), citing, Wyatt v. Cole, 504 U.S. 158, 161 (1992). A defendant only acts under the color of state law if he exercises power possessed by virtue of state law and made possible only because he "is clothed with the authority of state law." Id. at 1139-40.

      The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Reasonable and legitimate expectations of privacy are protected under the amendment. Katz v. United States, 389 U.S. 347 (1967). Also, the Fourth Amendment protects "people not places." Id. Whether a person has been seized for purposes of the Fourth Amendment is a mixed question of law and fact. United States v. Kim, 25 F.3d 1426, 1430 (9th Cir. 1994). Not all contacts between law enforcement and citizens involve seizures for purposes of the Fourth Amendment. For Fourth Amendment purposes, the seizure of a person occurs when a law enforcement officer in some way restricts the liberty of a citizen, either by physical force or show of authority. Florida v. Bostick, 501 U.S. 429, 434 (1991). A citizen's liberty is restrained if, "taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" Bostick, 501 U.S. at 437, quoting, California v. Hodari D., 499 U.S. 621, 628 (1991). The reasonable person test is an objective one and "presupposes an innocent person." United States v. Drayton, 536 U.S. 194, 202 (2002), quoting, Bostick at 437-38 (emphasis in original).

      The Supreme Court has long held that law enforcement officers may approach a citizen at any time, request identification and other information, and even request permission to search so long as a reasonable innocent person in the citizen's position recognizes that he or she is free to leave or terminate the encounter. Bostick, 501 U.S. at 437. The Supreme Court has also repeatedly held that "mere police questioning does not constitute a seizure." Id. A citizen's encounter with a police officer "will not trigger Fourth Amendment scrutiny unless it loses its consensual nature." United States v.

1   Drayton, 536 U.S. 199, 201 (2002).  However, a traffic stop or investigatory detention must be
2   supported by reasonable suspicion that criminal activity may be afoot.  United States v. Arvizu, 534
3   U.S. 266, 273 (2002).  Moreover, a search not supported by probable cause and executed pursuant to a
4   warrant is unreasonable unless an exception applies.  See Katz, 389 U.S. at 357.
5        Construed in the light most favorable to the plaintiff, the facts allege that McGrew was seized
6   without reasonable suspicion, searched without a warrant or probable cause, and illegally detained.  The
7   court finds that the Complaint states a valid 4th Amendment claim cognizable under § 1983.

8   **III.    Motion for Summary Judgment (#2)**

9        McGrew filed an Application (#1) pursuant to 28 U.S.C. § 1915 to proceed *in Forma Pauperis*
10  and submitted a Complaint pursuant to 28 U.S.C. § 1983 on September 28, 2007.  The court did not
11  direct the Clerk of the Court to file the Complaint at that time because the Complaint had not yet been
12  screened pursuant to § 1915(e).  As the Complaint and the answer have not yet been filed, McGrew's
13  Motion for Summary Judgment is premature.  See Fed. R. Civ. P. Rule 56(a).  McGrew's Motion for
14  Summary Judgment is therefore denied without prejudice.  The court advises plaintiff that the court will
15  enter a scheduling order establishing case management deadlines for discovery and the filing of
16  dispositive motions after the defendant has been served and responded to the Complaint.

17  **IV.    Motion to Grant Qualified Immunity (#3)**

18       Though the court finds McGrew's Motion to Grant Qualified Immunity (#3) difficult to
19  decipher, the motion essentially argues that Martell willfully violated plaintiff's constitutional rights
20  and requests that the court deny any motions prepared by the defendant.  Qualified immunity is an
21  affirmative defense, Vance v. Barrett, 345 F.3d 1083, 1091 n.10 (9th Cir. 2003), to be raised by the
22  defendant in the answer, Ariz. v. Cal., 530 U.S. 392, 410 (2000), and is meant to protect the defendant
23  from liability for civil damages. "The defense of qualified immunity shields government officials
24  performing discretionary functions from liability for civil damages insofar as their conduct does not
25  violate clearly established statutory or constitutional rights of which a reasonable person would have
26  known." Long v. City and County of Honolulu, 511 F.3d 901, 905-06 (9th Cir. 2007).  To the extent
27  that McGrew seeks an order granting Martell qualified immunity, such relief would result in dismissal
28  of this action and is more properly raised by the defendant in the answer or other responsive pleading.

Additionally, plaintiff's request that the court deny all of defendant's motions without considering the merits is completely baseless and unsupported by any legal authority. Under LR 7-2(d), "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." The relief requested will therefore be denied.

McGrew also requests that "the $350.00 or $150.00 filing fee be deducted prior to compensatory funds and punitive being rewarded in this matter at the proper time." (Mot. at 3.) Because the court will grant the Application (#1) to proceed *in Forma Pauperis*, plaintiff is not required to pay the $350.00 filing fee. His request for relief will therefore be denied as moot.

**V.    Motion to Supena [sic] Records (#5)**

In his Motion to Supena [sic] Records (#5), McGrew states, "At this time in concern of all records involving case # 2:07-cv-01324-LRH-PAL I would like to request by way of supena [sic]. . . . Please send any and all documents of corrospondence [sic] in concern of case # 2:07-cv-01324-LRH-PAL to me at the return address Provided." It is unclear exactly what relief McGrew seeks in his motion. If he is requesting that all documents filed in this case be sent to him, the court's electronic filing system reflects that notification of every document filed in this case has been delivered to the address plaintiff had on file with the court at the time each document was filed. In the event that the court sent notification of a court filing to an out-of-date address, McGrew has failed to fulfill his responsibilities under the Local Rules to "immediately file with the court written notification of any change of address." LSR 2-2. McGrew has subsequently filed two Notices of Change of Address (## 9 and 10). Since the court has provided plaintiff with notification of every document filed in this case, his request to be sent all documents filed in this case will be denied. However, as a courtesy the court will direct the Clerk of the Court to send plaintiff a copy of the docket sheet in this case. If McGrew is missing any documents filed in this case, he may request them from the court.

McGrew may also be requesting to obtain discovery of all records underlying his arrest. However, discovery may only be conducted after the defendant answers or otherwise appears. See L.R. 26-2; see also L.R. 26-1. McGrew's request to conduct discovery will therefore be denied as premature.

/ / /

**VI.     Motion for Appointment of Counsel (#6)**

McGrew's Motion for Appointment of Counsel (#6) requests that this court appoint counsel because the issues in this case will require investigation, which he cannot accomplish while in prison, and because he has a very limited knowledge of the law.  In civil cases the district court may only appoint counsel to litigants proceeding *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(e)(1).  That statute does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis.  See Mallard v. United States Dist. Ct., 490 U.S. 296, 304-05 (1989).  The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances.  See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).  Appointment of counsel is not a matter of right.  See Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

In making its determination, the court will consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  It is therefore the plaintiff's duty in a motion based upon 28 U.S.C. § 1915 to demonstrate to the court that he cannot afford to obtain private counsel, that he is likely to succeed on the merits of his claim, and that the legal issues involved are too complex to be presented adequately without the assistance of counsel.  Having reviewed the matter, the court finds that McGrew has not has not established that he is likely to succeed on the merits, or that the legal issues involved are too complex to be presented adequately without assistance of counsel.  Moreover, the Complaint demonstrates his ability to cogently present an account of the facts and articulate the constitutional foundation for his claim.  This case simply does not present the exceptional circumstances required for appointment of counsel.  His request for appointment of counsel will therefore be denied.

**VII.    Motion for Status of Case (#8)**

The Letter received from the Nevada Department of Corrections, which was docketed as a Motion for Status of Case (#8), inquires about the status of this case.  As the instant order addresses his Application (#1) to proceed *in Forma Pauperis*, screens the Complaint, and disposes of all pending motions in the case, the request for status will be denied as moot.

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that:

1. Plaintiff's requests to proceed *in Forma Pauperis* (##1 and 2) is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint, and shall send a copy of the Complaint and this Order to the Office of the Attorney General, c/o Pamela Sharp, 100 North Carson St., Carson City, NV 89701-4717. The Attorney General shall advise the Court within twenty (20) days from the date that this Order is entered whether service of process for the named defendants is accepted. If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the Complaint within thirty (30) days of the date of the notice of acceptance of service. If service cannot be accepted for any of the named defendants, then Plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this Order is entered.

4. Henceforth, Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendant(s) or counsel for the defendant(s). The Court may disregard any paper received by a district judge or magistrate judge which has not

///

been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

5. Plaintiff's Motion for Summary Judgment (#2) is DENIED, without prejudice, as premature. The court will enter a scheduling order establishing case management deadlines for discovery and the filing of dispositive motions after the defendant has been served and responded to the Complaint.

6. Plaintiff's Motion to Grant Qualified Immunity (#3) is DENIED.

7. Plaintiff's Motion to Supena [sic] Records (#5) is DENIED. The Clerk of the Court shall send plaintiff a copy of the docket sheet in this case to his most current address on file with the court.

8. Plaintiff's Motion for Appointment of Counsel (#6) is DENIED.

9. The request for status presented in the Letter received from the Nevada Department of Corrections, which was docketed as a Motion for Status of Case (#8), is DENIED as moot.

Dated this 21st day of February, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE